Davis v. Londgreen.

JAMES DAVIS, PLAINTIFF IN ERROR, V. CHRISTOPHER LONDGREEN, DEFENDANT IN ERROR.

**Surface Water.** The owner of a natural pond or reservoir wherein the surface water from the surrounding land accumulates, and from which it has no means of escape except by evaporation or percolation, cannot lawfully, by means of a ditch, discharge such water upon the land of his neighbor, to his injury.

2. ———: RIGHT INCIDENT TO OWNERSHIP OF LAND. The owner of land has the absolute, inherent right to occupy and use it for such lawful purpose as he sees fit, unmolested by the unlawful discharge of surface water thereon by another.

3. ———: INJUNCTION THE PROPER REMEDY, WHEN. If the injury inflicted by the unlawful discharge of surface water upon the land of another be serious, and in its nature permanent, or such as would continue to operate in all future time, an injunction is a proper, and the only adequate, remedy. And the mere

NOTE.—The same principle holds good as between municipal corporations and individual owners of land. If a city desires to acquire the right to turn a stream of water upon private premises, to the injury of the owner, it can only do so by an exercise of the right of eminent domain. *Nevins v. City of Peoria*, 41 Ill., 502. *Semble*, the fact that the artificial channel does not extend entirely to the other party's land will not affect the question. *Pettigrew v. Evansville*, 25 Wis., 223. See also *Town of Union v. Durkes*, 38 New Jersey Law, 21. *Flagg v. Worcester*, 13 Gray, 601. *Gannon v. Hargadon*, 10 Allen, 106.—REP.

delay in applying for this remedy until his right is actually invaded will not operate to deprive the plaintiff of its benefits, nor relieve the defendant from the effects of his unlawful acts.

4. ———: GROUND OF EQUITABLE RELIEF IN SUCH CASES. In such cases equity looks to the nature of the injury inflicted, together with the fact of its constant repetition, or continuation, rather than to the magnitude of the damage inflicted, as the ground of affording relief.

ERROR from the district court for Dodge county. Heard upon demurrer to the petition before POST J. Demurrer sustained. Cause brought up by petition in error.

W. A. Marlow, for plaintiff in error, cited Pettigrew v. The Village of Evansville, et al., 25 Wis., 223. Butler v. Peck, 10 Ohio St., 334. Tootle v. Clifton, 22 Ohio St., 247-253. High on Injunctions, Sec. 498, 500-510. Washburn on Easements, 353, et seq. Kauffiman v. Griesmer, 26 Penn. St., 407. Martin v. Riddle, Id., 415. Martin v. Jett, 12 Louisiana, 501. Ewell v. Greenwood, 26 Iowa, 377. Blane v. Klumpke, 29 Cal., 156. Weimer v. Lowery, 11 Cal., 104. Foot v. Bronson, 4 Lans, 47.

Marshall & Sterrett, for defendant in error, cited Enfield v. Conn. River, 7 Conn., 50. Edwards v. Allonez Mining Co., 6 Cent. Law Journal, 188. Laney v. Jasper, 39 Ill., 46. McCord v. Iker, 12 Ohio, 387.

LAKE, J.

The only question in this case is whether the facts stated in the petition constitute a cause of action, the judgment sought being a mandatory injunction to abate what is claimed to be a private nuisance.

The plaintiff, as the petition shows, is the owner in fee and occupier of the north half of the north-east quarter, and the defendant of the north half of the north-west quarter, of sec. 14, town 18, range 7, in

Dodge county.  On the defendant's land there is a natural pond covering about five acres, which is the reservoir for the surface water from one hundred acres of low land surrounding it.  Before the wrong complained of, there was no outlet to this pond, and the water accumulating therein was carried away only by evaporation and percolation.

As matter of complaint it is alleged: "That on or about the fifteenth day of June, 1877, the defendant dug a ditch from said pond across the land so owned by him to the land so as aforesaid owned by the plaintiff, which said ditch drains all the water from said pond into the land of plaintiff."    *      *      *      *
"That by reason of the same the said water drained from said pond through said ditch spreads over and into several acres of plaintiff's cultivated land and renders the same not cultivatable and unfit for use."

It is further alleged that the water so thrown upon plaintiff's land has commenced to cut a water-course diagonally across it for the distance of about fifty rods, and that the natural result from said ditch " is to cause all the water accumulating in said pond after each rain, and in the spring season, to flow over, into, and across the said land of plaintiff, thereby rendering the same wholly unfit for tillage, and to cut said water-course across plaintiff's land of greater depth and width each time said pond is drained."

It is not questioned by the defendant that these facts are ample to entitle the plaintiff to a judgment for damages.  But it is contended that they are not sufficient to establish the existence of a private nuisance abatable by the mandatory process of the court.  In support of this position it is urged, 1st, that " the injury complained of is complete and fully accomplished," and, 2d, that the plaintiff " has a full and adequate remedy at law," either of which being establish-

ed, it would follow that the demurrer was rightly sustained.

But we are of the opinion that neither of these objections should prevail. They imply for the language quoted from the petition a meaning much too circumscribed. Fairly construed, the petition certainly shows an incomplete, continuing injury to the rights of the plaintiff as owner in fee of the land flooded by the water from the defendant's ditch. One specific and seemingly well grounded charge of future and continuing injury, is that which shows a tendency in the water to cut for itself a channel some fifty rods in length across the plaintiff's land, and which must necessarily become deeper and wider with each succeeding flow of water. The full extent of the actual future damages, depending, as they must, upon so many contingencies, are not susceptible of an accurate present estimation. During a year of drouth they would be only nominal, while in one of numerous and excessive rain-falls they might be very great.

Now it is certain that the plaintiff has the absolute right to occupy and use his land for such lawful purpose as he sees fit, unencumbered by the periodical floodings complained of. And this is one of those *substantial rights* incident to the property itself, to protect which, an injunction will always be granted. The ordinary remedy by an action, or a succession of actions, for the recovery of damages, would be wholly inadequate to afford that complete redress for the injuries complained of, to which the plaintiff is entitled. A correct test for determining whether an injunction is the appropriate remedy was given, we think, by the supreme court of Wisconsin, in *Pettigrew v. Evansville*, 25 Wis., 223, wherein the threatened nuisance was essentially the same as that committed by the defendant here. After having held that the petition stated a case

suitable for equitable cognizance, and on a motion for a rehearing, in which it was urged that the proceeding by injunction could not be upheld, the court, by Dixon, Ch. J., said: " This depends altogether upon the nature of the injury. If it be permanent, or such as will continue to operate in all future time, then the proceeding can be sustained; but if it be only temporary, or such as will cease when the waters of the pond are once drawn off, then it cannot." And a rehearing was denied. Applying that test to, the facts of the case now under consideration, there can be no doubt that the plaintiff was clearly entitled to the relief which he prayed. *Webber v. Gage,* 39 N. H., 182.

But counsel for the defendant have endeavored to distinguish this case, in principle, from that of *Pettigrew v. Evansville,* above cited. It is claimed that there are two points of difference. 1st, That in the Wisconsin case the proceedings for the injunction were commenced before the completion of the ditch; and 2d, That in the latter case the threatened damage reached almost the whole of the plaintiff's land, while here only a few acres in one corner of the farm are affected. These we regard as finely drawn distinctions without any substantial difference whatever. We are not aware of any rule by which the mere delay of the plaintiff in the assertion of his right, until it was actually invaded, will operate either to deprive him of it, or to relieve the defendant in any degree from the effect of his unlawful encroachment thereon. And as to the right affected by the alleged nuisance, the law admits of no distinction in its mode of redress, whether it pertain to fifty acres, or only to five acres of the plaintiff's land. It is the nature of the injury, together with the fact of its constant repetition, or continuation, rather than the magnitude of the damage inflicted, which form the basis of this mode of redress.

For these reasons the judgment of the court below is reversed, and the cause remanded for further proceedings.

REVERSED.