FREMONT, ELKHORN & MISSOURI VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. JOHN MARLEY, DEFENDANT IN ERROR.

1. Trial: TIME FOR PLEADING: AMENDMENTS. In an action against a railway company for loss and injury to property, after the issues had been made up and the case ready for trial, it was discovered that the files were mislaid. The court thereupon permitted the filing of a substituted petition instanter, and re-

quired the railway company to answer and go to trial at once. *Held,* That as the substituted petition presented a number of new issues, a reasonable time should have been given the defendant to answer and prepare for trial.

2. **Negligence:** INJURIES TO CROPS: COMPETENCY OF WITNESS. Where a land owner sustains injury to his crops, land, etc., caused by the negligence of a railroad company, a witness who possesses the requisite knowledge may testify to the value of the crops, property, etc., and to facts and circumstances calculated to inform the jury on those questions, but will not be permitted to state the amount of damages sustained by a party for loss of crops or other injuries—that being a matter for the jury to determine.

3. **Trial:** EVIDENCE: DISCRETION OF COURT. The question of permitting the introduction of records to prove the title of the plaintiff in an action for injury to crops and to the land itself, instead of requiring the production of the original evidence of title rests to a great extent in the discretion of the trial court, and unless there is a clear abuse of that discretion error will not lie.

4. **Negligence:** INTEREST. Where property is destroyed by the negligence of another the owner will be entitled to interest on the value of such property from the time of its destruction.

5. ————: VALUE OF PROPERTY. Where growing crops are destroyed through the negligence of another the owner may recover from the party at fault the value of such crops.

6. **Water-course:** SURFACE WATER: DAMAGES. A party has no right to collect surface water in a ditch or drain and permit it to flow on to the land of another without the latter's consent, and if he do so he will be liable for the damages sustained.

ERROR to the district court for Holt county. Tried below before NORRIS, J.

*John B. Hawley,* for plaintiff in error, on filing substituted petition and forcing defendant below to trial, cited : Code, Sec. 137. Opinions of witnesses : *F., E. & M. V. R. R. v. Lamb,* 11 Neb., 595. *B. & M. R. R. v. Beebe,* 14 Neb., 471. *B. & M. R. R. v. Schluntz,* 14 Neb., 423. *C. & A. R. R. v. C. & N. W. R. R.,* 67 Ill., 145. *C. & P. R. R. v. Ball,* 5 Ohio State, 573. Admission of cer-

tificate of entry of title: Code, Sec. 411. Comp. Stat., Secs. 13, 40, Ch. 73. Interest on damages: *Chicago v. Allcock*, 86 Ill., 385. Surface water: *Bangor v. Laurel*, 51 Me., 521. *Sweet v. Cluts*, 50 N. H., 439. *Davis v. Fuller*, 12 Vt., 178. *Luther v. Wennisomet*, 9 Cush., 171.

*G. M. Cleveland, M. F. Harrington*, and *Allen & Robinson*, for defendant in error, on power of court in directing substituted petition, cited; *Keen v. Jordan*, 13 Fla., 327. *Gammon v. Knudson*, 46 Iowa, 455. *McKeighan v. Hopkins*, 19 Neb., 32. The objection to witness was that he had not shown "himself competent to testify, and that no proper foundation has been laid." Plaintiff in error is confined to this objection. *C., St. Paul, M. & O. R. R. v. Lundstrom*, 16 Neb., 254. Admission of receiver's certificate: Code, Secs. 408, 411. Comp. Stat., Sec. 40, Ch. 73. Growing crops: *Lommeland v. R. R.*, 29 N. W. Rep., 119. *Smith v. Railroad*, 38 Iowa, 521. Interest: *Railroad v. Cobb*, 35 Ohio State, 94. *Sneed v. Wister*, 8 Wheat., 691. Surface water: *Davis v. Londgreen*, 8 Neb., 43. *Pyle v. Richards*, 17 Id., 182. *Stewart v. Schneider*, 22 Id., 286. Gould on Waters, Secs. 271, 272.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error, in the district court of Holt county, to recover damages to crops, etc. A petition was filed, and also an amended petition, and just before going to trial it was discovered that the files were mislaid, and after a prolonged search, as they could not be found, the attorneys for the plaintiff below obtained leave to substitute a petition, which they did as follows:

"That defendant is now, and was, at the date of the various transactions hereinafter mentioned, a railroad cor-

poration organized and doing business under the laws of the state of Nebraska, in Holt county, Nebraska; is owning and operating therein a line of railway in the corporate name above stated; that this plaintiff is, and since the year 1873 has been, the owner, and as such rightfully possessed of the south half of the north-east quarter, and the east half of the north-west quarter of section 29, township 28, range 10, in Holt county, Neb.; that in the year 1881 the said defendant graded and constructed on its right of way, through Holt county, Neb., a railroad track running from the south-east to the north-west, and within about thirty rods of the said real estate of the plaintiff, over which it now and ever since then has maintained and operated a railroad; that at the time of constructing the road-bed and grading its said track, the defendant cut ditches on its right of way on either side of its track in the close vicinity of the plaintiff's said land, to drain its track and right of way of surface water, and to discharge said surface water accumulating from time to time along its said track and right of way; that to the west and south-west of the plaintiff's said land the surface of a large tract of land along the defendant's said track and right of way is such as to cause all of the surface water accumulating thereon to flow into the said ditches dug and maintained on either side of the said defendant's railway track, and especially into the ditch on the south side thereof, which water, after reaching said ditches, flows therein in a south-easterly direction, and toward the said land of the plaintiff; that by reason of the embankment of defendant's road-bed, and the insufficiency of the said ditches along the defendant's right of way, large quantities of surface water is directed from its natural course and carried down to a point opposite plaintiff's said land, where it is discharged in large volumes upon the plaintiff's said land. The plaintiff alleges that the embankment of defendant's said road-bed was so neg-

ligently and insufficiently made and maintained by defendant, the culverts and ditches so negligently and insufficiently constructed and maintained by defendant, that said ditches do not and never have properly carried off and discharged the surface water accumulating therein, but on the contrary the said water has been poured out of said ditches and across and over the land of the plaintiff; that on or about the 20th day of April, 1882, by reason of the careless, negligent, and insufficient manner in which the defendant's said road-bed, ditches, and culverts were constructed and maintained, and without any fault or neglect of the plaintiff, a large quantity of surface water was negligently suffered to accumulate by defendant in said ditches, and on the defendant's said right of way and road-bed, and was discharged upon the said land of the plaintiff, drowning five head of cattle of the plaintiff, of the value of $100, and fifteen hogs of the plaintiff, of the value of $75; that said sums are now due and owing to the plaintiff from the defendant, and are wholly unpaid; that on or about the 20th day of May, 1882, by reason of the careless and negligent and insufficient manner in which the defendant's said road-bed, ditches, and culverts were constructed and maintained, and without any fault or neglect of the plaintiff, a large quantity of surface water was negligently suffered to accumulate by defendants in said ditches, and on defendant's said right of way and road-bed, and was discharged upon the said lands of the plaintiff, and destroying eight acres of standing and growing oats, of the value of $40, which sum is now due and unpaid to him; that sometime in the month of June, 1882, the exact time the plaintiff is unable to state, by reason of the careless, negligent, and insufficient manner in which said road-bed, culverts, and ditches of defendant were constructed and maintained, and without any fault or neglect of the plaintiff, a large quantity of surface water was negligently suffered to accumulate by said defendant in said ditches, and

on defendant's said right of way and road-bed, and was discharged upon said lands of the plaintiff, destroying seven acres of standing and growing corn thereon, of the value of $35, which sum is now due plaintiff from defendant, and wholly unpaid.

"The plaintiff further alleges that, sometime in the month of May, 1883—the exact time the defendant is unable to state—by reason of the careless, negligent, and insufficient manner in which the defendant's said road-bed, ditches, and culverts were constructed and maintained, and without any fault or neglect of the plaintiff, a large quantity of surface water was negligently suffered by defendant to accumulate in said ditches, and on the defendant's right of way and road-bed, and was discharged upon the said lands of the plaintiff, flooding the surface of a great portion thereof, and washed out and destroyed the plaintiff's cattle yards, sheds, fences, and the like, and washing gullies and ditches in the plaintiff's said land, to the damage of the plaintiff in the sum of $200, which amount is now due and unpaid from the defendant to the plaintiff; that sometime in April, 1883, and July, 1883, and at divers other dates in said year—the exact times the plaintiff is unable to state—by reason of the careless, negligent, and insufficient manner in which the defendant's said road-bed, ditches, and culverts were constructed and maintained, and without any fault or neglect of the plaintiff, a large quantity of surface water was negligently suffered to accumulate by defendant in said ditches, and on defendant's right of way and road-bed, and was discharged upon the lands of the plaintiff, and flooded the same, and destroyed hay of the value of $50, damaged corn to the amount of $100, and destroyed five acres of oats of the value of $25, being on plaintiff's land and his property, which sums are now due and owing to him from said defendant therefor; that at divers and sundry times in the year 1884—the exact dates the plaintiff is unable more fully to state—by reason of

the careless, negligent, and insufficient manner in which the defendant's said road-bed, ditches, and culverts were constructed and maintained, and without any fault or neglect of the plaintiff, a large quantity of surface water was negligently suffered to accumulate by the defendant in said ditches, and on the defendant's said right of way and road-bed, was discharged upon the said land of the plaintiff, flooding the same and destroying fifteen acres of wheat, four acres of oats, five acres of corn, and fifteen tons of hay, of the value of $330, being on said land, and being the property of the plaintiff, to the damage of the plaintiff in the sum of $330, which sum is now due and unpaid.

"That the said several acts of flooding the lands of the plaintiff, as hereinbefore stated, have had the effect of washing away much of the valuable surface of the plaintiff's said land, and washing deep gullies and ditches therein, to the great damage of the plaintiff, to-wit, to his damage in the sum of $500, which sum is now due the plaintiff from the defendant, and wholly unpaid.

"That the said several items of damage hereinbefore mentioned and stated occurred in consequence of the negligent, unskillful, and insufficient construction and maintenance of the said defendant's said road-bed, ditches, and culverts, and without any fault or neglect of the plaintiff."

The railway company was compelled to answer at once and proceed to trial. The substituted petition is much broader than the amended one, for which it was filed, and, in fact, raised new issues in the case. The railway company filed a motion for a continuance, supported by an affidavit, but the motion was overruled, to which exceptions were duly taken. As the substituted petition raised new issues, the railway company should have had a reasonable opportunity to prepare to meet them, otherwise it might be deprived of the means of making its defense. It was not necessary, however, to continue the case to the next term, but a reasonable time should have been given in which to answer

and prepare for the trial. The court, therefore, erred in compelling the defendant below (the plaintiff in error) to answer the substituted petition and go to trial at once.

2d. The second ground of objection is, that the court permitted the plaintiff and other witnesses to give their opinion as to the *amount of damages* sustained by the plaintiff in consequence of the overflow of his land. The general rule is, that witnesses must speak as to facts, and facts, too, within their own knowledge. Opinions, belief, deduction from facts, and the like, are matters which belong to the jury, and by which they arrive at their verdict. On the trial of the question of damages for an injury to growing crops, the witnesses should be confined to the statement of facts showing the injury; they may be asked questions as to the crops, their value, and the particular injuries done to them, and the extent of such injuries, and may state all the facts in their possession, from which the jury may determine the question of the amount of damages. *B. & M. R. R. Co. v. Schlantz*, 14 Neb., 423. *R. V. R. R. v. Arnold*, 13 Neb., 486. *Evansville, etc., R. R. Co. v. Fitzpatrick*, 10 Ind., 120. *Farrand v. The C. & N. W. R. R. Co.*, 21 Wis., 435. *Lincoln v. Saratoga & Schenectady R. R. Co.*, 23 Wend., 425. *Alabama & F. R. R. Co. v. Burkett*, 42 Ala., 83. *Harrison v. R. R.*, 36 Iowa, 323. In other words, a witness who possesses the requisite knowledge may testify as to the value of the crops destroyed, or if only partially destroyed, the extent of the injury; but he cannot be permitted to testify directly as to the amount of damages sustained. That question is one for the jury to determine upon the evidence. It is doubtful, however, whether objections were made to the testimony in the court below in such form as to be available in this court.

3d. The third objection is, that the court permitted the plaintiff below to introduce in evidence from the county records of Holt county a copy of the final certificate of entry by the plaintiff of the lands described in the petition.

10

The plaintiff below in this case had already testified without objection that he was the owner of the land in question, and in the possession thereof. The question of the admission of records to establish title is, to a great extent, one for the trial court, and unless there is a clear abuse of discretion, its judgment will not be reversed on that ground. There appears to have been no doubt of the title of the plaintiff below, or that he was in possession at the time of the alleged injuries. The defendant below, therefore, sustained no injury by the ruling of the court.

4th. The fourth ground of objection is, in substance, that the court erred in directing the jury that they might allow interest on the damages sustained by the plaintiff. This we think was a correct instruction. If the plaintiff below had sustained loss of property through the fault of the railroad company, it certainly would be only justice that he should be paid for such loss as soon thereafter as the amount thereof could be ascertained. If the company failed to pay, then it should pay for the use of the money. The plaintiff, therefore, if entitled to damages, was entitled to interest thereon.

5th. Some objection is made that growing crops have no market value, and that, therefore, the court erred in instructing the jury that "they should consider the fair market value of all personal property and crops destroyed or injured, if any, belonging to him," etc. This instruction was properly given. Growing crops have a value, and when destroyed by the fault of another the owner is entitled to compensation therefor. The court did not err in giving this instruction.

The railway company asked the court to give the following instruction: "In this case the plaintiff brings suit for damages in consequence of the diversion of surface water by the defendant, and cannot recover."

The instruction asked was properly refused. A party has no right to gather up surface water and discharge it

on the land of another, to his damage.  *Davis v. Londgreen*, 8 Neb., 43.  *Pyle v. Richards*, 17 Id., 181.  *Stewart v. Schneider*, 22 Neb., 286.

The question was before the supreme court of Michigan, in *Gregory v. Bush*, 31 N. W. R., 94, where it is said that, "one has a right to ditch and drain and dispose of the surface water upon his land as he sees fit; but he is not authorized to injure by so doing the heritage of his neighbor.  He cannot collect and concentrate such waters, and pour them through an artificial ditch in unusual quantities upon his adjacent proprietors.  *Kauffman v. Griesemer*, 26 Pa. St., 407.  *Barkley v. Wilcox*, 86 N. Y., 148. *Noonan v. City of Albany*, 79 N. Y. 475.  *Adams v. Walker*, 34 Conn., 466."  This we think is a correct statement of the law.

For the error in not allowing a reasonable time after the filing of a substituted petition in which to answer and prepare for trial, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.