## ANDREW BUNDERSON v. BURLINGTON & MISSOURI RIVER RAILROAD COMPANY.

FILED JANUARY 17, 1895. No. 5634.

1. **Surface Water.** A party has no right to gather up surface water and discharge it on the land of another to his damage. Subject to this limitation he has the right to drain and dispose of such water as he sees fit. Following *Fremont, E. & M. V. R. Co. v. Marley*, 25 Neb., 138.

2. ——: RAILROAD COMPANIES: DAMAGES. The term "surface water" includes such as is carried off by surface drainage,—that is, by drainage independently of a water-course; and for the construction of an embankment proper for railroad purposes, which deflects such surface water from its normal course, a railroad company is not liable in damages to the proprietor, or lessee, of neighboring lands thereby incidentally overflowed and injured.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

The case is stated by the commissioner.

*C. P. Halligan*, for plaintiff in error:

It was the duty of the company to provide reasonable means for the passage of surface water. It could not with impunity treat all surface water coming naturally upon the right of way as a "common enemy," and erect artificial barriers against it without regard to the rights of others. (*Gormley v. Sanford*, 52 Ill., 158; *Livingston v. McDonald*,

39

21 Ia., 172; *Martin v. Riddle*, 26 Pa. St., 415; *Crabtree v. Baker*, 75 Ala., 91; *Nininger v. Norwood*, 72 Ala.,277; *Hughes v. Anderson*, 68 Ala., 280; *Little Rock & F. S. R. Co. v. Chapman*, 39 Ark., 463; *Ogburn v. Connor*, 46 Cal., 346; *Goldsmith v. Elsas*, 53 Ga, 186; *Totel v. Bonnefoy*, 123 Ill., 653; *Peck v. Herrington*, 109 Ill., 611; *Gillham v. Madison County R. Co.*, 49 Ill., 484; *Anderson v. Henderson*, 16 N. E. Rep. [Ill.], 232; *Minor v. Wright*, 16 La. Ann., 151; *Hooper v. Wilkinson*, 15 La. Ann., 497; *Adams v. Harrison*, 4 La. Ann., 165; *Hays v. Hays*, 19 La., 351; *Lattimore v. Davis*, 14 La., 161; *Martin v. Jett*, 12 La., 501; *Orleans Navigation Co. v. City of New Orleans,* 1 Mart. [La.], 13; *Philadelphia, W. & B. R. Co. v. Davis,* 10 Cent. Rep. [Md.], 551; *Boyd v. Conklin*, 54 Mich., 583; *Gregory v. Bush*, 31 N. W. Rep. [Mich.], 90; *Boynton v. Longley*, 19 Nev., 69; *Porter v. Durham*, 74 N. Car., 767; *Overton v. Sawyer*, 1 Jones' Law [N. Car.], 308; *Tootle v. Clifton*, 22 O. St., 247; *Butler v. Peck*, 16 O. St., 335; *Crawford v. Rambo*, 4 West. Rep. [O.], 445; *Kauffman v. Griesemer*, 26 Pa. St., 407; *Hays v. Hinkleman*, 68 Pa. St., 324; *Waldrop v. Greenwood L. & S. R. Co.*, 28 S. Car., 157; *Louisville & N. R. Co. v. Hays*, 11 Lea [Tenn.], 382; *Gulf C. & S. F. R. Co. v. Helsley*, 62 Tex., 593; *Gillison v. Charleston*, 16 W.Va., 282; *Rex v. Commissioners of Sewers for the Levels of Pagham*, 8 Barn. & Cress. [Eng.], 355; *Cairo & V. R. Co. v. Stevens*, 73 Ind., 278; *West Orange v. Field*, 37 N. J. Eq., 600; *Benton v. Chicago & A. R. Co.,* 78 Mo., 504; *Chasemore v. Richards*, 7 H. L. Cas. [Eng.], 349; *Acton v. Blundell*, 12 M. & W. [Eng.], 352; *Rawstron v. Taylor*, 11 Exch. [Eng.], 369*; *Smith v. Kenrick,* 7 C. B. [Eng.], 515.)

*Charles J. Greene, contra:*

The proprietor of an inferior or lower estate, may if he chooses, elevate, obstruct, or hinder the natural flow of surface water thereon, and, in so doing, may turn it back, upon,

or over the lands of other proprietors, without liability for
injuries resulting from such obstruction or diversion. This
proposition is universally sustained by the courts of Eng-
land and of the United States, where the common law rule
prevails. (Gould, Waters, secs. 263, 265, 267, 268. *Hoyt
v. City of Hudson*, 27 Wis., 656; *Swett v. Cutts*, 50 N. H.,
439; *Wagner v. Long Island R. Co.*, 5 N. Y. Sup. Ct., 163;
*Trustees of Delhi v. Youmans*, 50 Barb. [N. Y.], 316; *Waf-
fle v. New York C. R. Co.*, 58 Barb. [N. Y.], 413; *City of
Bangor v. Lansil*, 51 Me., 521; *Bowlsby v. Speer*, 31 N. J.
Law, 351; *Dickinson v. City of Worcester*, 7 Allen [Mass.],
19; *Parks v. City of Newburyport*, 10 Gray [Mass.], 28;
*Chatfield v. Wilson*, 28 Vt., 49; Addison, Torts [4th ed.],
ch. 2, sec. 1; *Brodbent v. Ramsbotham*, 11 Exch. [Eng.],
617; *Luther v. Winnisimmet Co.*, 9 Cush. [Mass.], 174;
*Ashley v. Wolcott*, 11 Cush. [Mass.], 192; *Frazier v. Brown*,
12 O. St., 294.)

A railroad corporation, duly authorized by law, has no
other or different rights regarding surface water than other
citizens, and if its road-bed obstructs or diverts the natural
flow of such water, no right of action at the common law
arises to the owner of the lands thereby damaged. (Gould,
Waters, sec. 273; *Greeley v. Maine C. R. Co.*, 53 Me., 200;
*Morrison v. Bucksport & B. R. Co.*, 67 Me., 353; *Walker v.
Old Colony & N. R. Co.*, 103 Mass., 10; *Wagner v. Long
Island R. Co.*, 2 Hun [N. Y.], 633; *Conhocton Stone Road
Co. v. Buffalo, N. Y. & E. R. Co.*, 3 Hun [N. Y.], 523;
*Raleigh & A. A. L. R. Co. v. Wicker*, 74 N. Car., 220;
*O' Connor v. Fond du Lac, A. & P. R. Co.*, 52 Wis., 526;
*Louisville, N. A. & C. R. Co. v. McAfee*, 30 Ind., 291;
*Clark v. Hannibal & St. J. R. Co.*, 36 Mo., 202; *Hosher v.
Kansas City, St. J. & C. B. R. Co.*, 60 Mo., 329; *Munkers
v. Kansas City, St. J. & C. B. R. Co.*, 60 Mo., 334; *Atchison,
T. & S. F. R. Co., v. Hammer*, 22 Kan., 763; *Waterman v.
Connecticut & P. R. Co.*, 30 Vt., 610; *Bagnall v. London
& N. W. R. Co.*, 31 L. J. Exch. [Eng.], 480; *Gillham v.

*Madison County R. Co.,* 49 Ill., 484; *Alton & U. A. H. R. Co. v. Deitz,* 50 Ill., 210; *Toledo, W. & W. R. Co. v. Hunter,* 50 Ill., 325; *Shane v. Kansas City, St. J. & C. B. R. Co.,* 71 Mo., 237; *Indianapolis, B. & W. R. Co. v. Smith,* 52 Ind., 428; *Carriger v. East Tennessee, V. & G. R. Co.,* 7 Lea [Tenn.], 388.)

RYAN, C.

In the district court of Douglas county plaintiff in error claimed damages of the defendant because of an embankment which, by reason of its alleged negligent construction and the omission to provide for an outlet for the overflow waters of Big Papillion and Little Papillion creeks, had caused lands, of which plaintiff was tenant, to be overflowed, and his growing crops thereon to be destroyed. The nature of the overflow complained of was described by a son of plaintiff as that which occasionally came down through a depression between the two streams, which was somewhat obstructed by the embankment built by the defendant; that this overflow was not attributable to the existence of the railroad embankment, but the embankment interfered with it. The other witnesses of plaintiff did not with the same clearness describe the overflow complained of and its real cause, as was done by the witness just referred to, but their testimony was to the same effect. When plaintiff rested his case the court instructed the jury to find for the defendant, which was done and judgment was accordingly rendered. There was evidence that a proper construction of the embankment required that through it there should have been left an opening by means of which the surface water could escape when its natural flowage was interrupted by this railroad grade. It was not claimed that there should have been no embankment, neither was there attempted proof that plaintiff's cause of complaint could have been met in any way, other than by an opening as above indicated. In *Fremont, E. & M. V. R.*

*Co. v. Marley*, 25 Neb., 138, MAXWELL, J., in delivering the opinion of this court, said : "A party has no right to gather up surface water and discharge it on the land of another, to his damage. (*Davis v. Londgreen*, 8 Neb., 43 ; *Pyle v. Richards*, 17 Neb., 181 ; *Stewart v. Schneider*, 22 Neb., 286.)   The question was before the supreme court of Michigan in *Gregory v. Bush*, 31 N. W. Rep., 94, where it was said that 'one has a right to ditch and drain, and dispose of the surface water upon his land as he sees fit ; but he is not authorized to injure, by so doing, the heritage of his neighbor.   He cannot collect and concentrate such waters and pour them through an artificial ditch in unusual quantities upon his adjacent proprietors. (*Kauffman v. Griesemer*, 26 Pa. St., 407 ; *Barkley v. Wilcox*, 86 N. Y., 148 ; *Noonan v. City of Albany*, 79 N. Y., 475 ; *Adams v. Walker*, 34 Conn., 466.)'   This, we think, is a correct statement of the law."   This case was approved in *Lincoln S. R. Co. v. Adams*, 41 Neb., 737.   The only improvement upon the plan adopted and made use of by the construction of a solid embankment was forbidden by law, so that we are bound to accept the manner of construction shown as that which was least objectionable under the circumstances of this case.   In *Morrisey v. Chicago, B. & Q. R. Co.*, 38 Neb., 406, one judge dissenting, it was held by this court that the term "surface water" includes such as is carried off by surface drainage,—that is, drainage independently of a water-course ; and for the construction of an embankment proper for railroad purposes, which deflects such water from its normal course, a railroad company is not liable in damage to the proprietor of neighboring lands thereby incidentally overflowed and injured.   This was approved in *Anheuser-Busch Brewing Association v. Peterson*, 41 Neb., 897.   This statement of law is applicable to the rights of a lessee as well as to the proprietor of real property overflowed and injured ; as applied to rights of either, it is, therefore, approved as correct.   The results above at-

tained are such as completely justify the instruction given by the district court. Its judgment is, therefore,

AFFIRMED.