JOHN RATH V. HENRY ZEMBLEMAN.

FILED OCTOBER 7, 1896.    No. 6811.

Surface Water: DRAINAGE: DAMAGES: TRIAL: ADMISSIONS.    In an action for damages alleged to have been caused by the drainage of surface water from a pond on defendant's land into a draw, by which said water was conducted to and across the land of plaintiff, an admission by plaintiff that the draw was a natural waterway and had, since his ownership of the land claimed to have been damaged, been such a waterway, and that the water generally from that portion of the country had flowed through this ravine, precluded the possibility of a recovery of damages for the destruction of the grass in the bed of such draw on his premises caused by the additional flowage resulting from the aforesaid drainage.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.

*John Barsby*, for plaintiff in error.

*Charles H. Sloan, contra.*

RYAN, C.

This action was brought by the plaintiff in error for the recovery of damages which he alleged he had sustained by the defendant draining a pond in such a manner that the water therefrom ran across the premises of the plaintiff. Between the drained land and that alleged to have been injured there was a meandering draw of the length of between three and four miles. After a rainfall the flowage of water through this draw, it was alleged, was increased to and through the plaintiff's land, whereby on one occasion his hay in such draw was destroyed. For its value this action was brought before a justice of the peace of Fillmore county, from whose judgment there was an appeal to the district court, wherein there was a verdict and judgment in favor of the defendant.

On the trial it was admitted by the plaintiff, in open court, that the draw through which the water flowed from the defendant's land to and across plaintiff's, was a natural waterway running from Clay county, and that it had been such ever since plaintiff had occupied his premises, and that the waters from that country were drained through this ravine or draw and ran down through plaintiff's land. In view of the holdings of this court since the trial of this case, announced in *Anheuser-Busch Brewing Association v. Peterson*, 41 Neb., 897, *Morrissey v. Chicago, B. & Q. R. Co.*, 38 Neb., 406, *Lincoln & B. H. R. Co. v. Sutherland*, 44 Neb., 526, *City of Beatrice v. Leary*, 45 Neb., 149, and *Jacobson v. Van Boening*, 48 Neb., 80, the plaintiff in no event could have recovered damages in the face of his admissions as to the flowage and the character of the waterway which it followed. The judgment of the district court is, therefore,

AFFIRMED.