Nelson v. Wirthele.

WILLIAM NELSON, APPELLEE, V. JACOB WIRTHELE,
APPELLANT.

FILED FEBRUARY 28, 1911. No. 16,318.

Waters: DIVERSION: INJUNCTION. A landowner is entitled to an in-
junction to restrain the erection and maintenance of a dam in an
old established drainage channel, partly natural and partly arti-
ficial, and the digging of a ditch, where the effect would be to
collect and divert waters flowing therein and cast them in a body
on his lands, which they would not otherwise reach.

APPEAL from the district court for Otoe county:
HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*D. W. Livingston,* for appellant.

*W. F. Moran, contra.*

LETTON, J.

The plaintiff and defendant are owners of adjoining
tracts of land. This controversy arises from the fact that
in the spring of 1907 the defendant contemplated damming
a drainage channel, partly natural and partly artificial,
but upon his own land, and digging a ditch from the point
of obstruction in such a manner that the water would be
diverted from its former channel and cast upon the lands
of plaintiff. The work had been begun and partly com-
pleted when this action was begun. The petition contains
the usual allegations as to irreparable damage and lack
of adequate remedy at law, and prays for an injunction
to restrain the construction and maintenance of the dam
and ditch by which the waters might be diverted. The
answer was a general denial. The court found for the
plaintiff and granted a permanent injunction. Defendant
has appealed.

The questions involved in the appeal are purely ques-
tions of fact. It is conceded that the defendant contem-
plated and had begun the construction of the dam and

ditch and the diversion of the water. The real matters in controversy are as to whether the proposed ditch would cast the diverted waters upon the plaintiff's land, or whether, as the defendant maintains, the waters would not reach plaintiff's premises but be carried thereby over defendant's land and into a ditch upon the right of way of the Missouri Pacific Railway; and, also, whether or not the construction of the contemplated dam and ditch had been abandoned and matters restored to their original condition by the demolition of the dam and the filling of the new ditch before this action was commenced. As to both of these questions there is a sharp conflict in the testimony. After considering the relations existing between the different witnesses and the probable interest which each may have in the result of the suit, we are inclined to take the same view of the evidence as did the district court and to find that the execution of defendant's plan would have caused such damage to plaintiff's property as to warrant an injunction. The same considerations apply to the evidence upon the question whether the proposed enterprise was abandoned before the beginning of the suit. It is unnecessary to set out the evidence at length. We are satisfied that it warrants granting the relief prayed.

The judgment of the district court is

AFFIRMED.