CASPER HAGEDORN, APPELLEE, V. FRANK MALY ET AL., AP-
PELLANTS.

FILED MAY 23, 1911.          No. 16,451.

Waters: DIVERSION: INJUNCTION. A landowner may enjoin the ob-
struction of an old, established drainage channel and the digging
and maintenance of a ditch whereby surface water collected from
a considerable area will be diverted from the natural course of
drainage and poured onto his lands to his damage.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Affirmed.*

*T. M. Franse,* for appellants.

*F. D. Hunker* and *A. R. Oleson,* contra.

ROOT, J.

This is an action in equity to restrain the defendants from cutting a dike and from maintaining a ditch so that water will flow over and upon the plaintiff's land. The plaintiff prevailed, and the defendants appeal.

The plaintiff's land is east and south of the defendants'

farms. The Elkhorn river, into which the water from the territory to the west flows through sloughs, swales and other waterways, is still further eastward. In a state of nature the surface water, which originated upon a considerable area west of the defendants' land, flowed northeastward into a swale, and thence southeastward through that depression into the Elkhorn river. To shorten the course and to confine the water within more narrow bounds, the defendants about 24 years ago constructed a ditch east and west on the line between the north half and the south half of the northwest quarter of section 16, town 21, range 6, to the line running north and south through the center of the section, and from thence constructed the ditch northward so as to intersect the swale. This ditch is now from five to seven feet in depth, from four to six feet wide at the bottom, and from ten to twelve feet wide at the top. Parallel dikes are constructed on both sides of and close to the ditch, so that at the angle where the ditch turns northward the dikes are about five feet high. The swale referred to has become clogged with dirt and debris, which was deposited by the water from the ditch, and in consequence water does not flow therein so freely as it did in bygone years. The northwest corner of the plaintiff's farm is coincident with the exterior of the angle of the dike. The defendants dug a shallow, narrow ditch from the angle eastward upon the defendant Maly's land, parallel and close to the northern boundary of the plaintiff's farm, and deposited the excavated dirt along the northern side of this ditch, cut the embankment at the angle, and obstructed the older ditch at the point where it turned northward, and thereby made a way for the waters flowing eastward in the old ditch, so that the greater part flowed into the smaller drain, from whence a considerable part of it flowed to the south and upon the plaintiff's land to its injury and his damage. While a small fraction of this water would in the natural course of drainage flow eastward and southward, by far the greater part of it is diverted out of its natural course one-half mile west of the plaintiff's

land, is gathered up and confined in the ditch, and by those acts of the defendants is poured upon the plaintiff's premises out of the course of natural drainage and to his damage. This the defendants have no right to do. *Fremont, E. & M. V. R. Co. v. Marley,* 25 Neb. 138; *Jacobson v. Van Boening,* 48 Neb. 80; *Nelson v. Wirthele,* 88 Neb. 595.

The judgment of the district court is right, and it is

AFFIRMED.