NANCY M. ROBINSON, PLAINTIFF IN ERROR, v. PATRICK W. O'CONNER, AND OTHERS, DEFENDANTS IN ERROR.

Referee: PRACTICE. The right of a referee to proceed with a trial of issues referred to him by order of court, does not extend beyond the time at which he is directed to make his report.

ERROR to the district court for Lancaster county. The facts appear in the opinion.

*Brown, Ryan & Brown,* and *Harwood & Ames,* for plaintiff in error.

*Lamb, Billingsley & Lambertson,* for defendants in error.

LAKE, CH. J.

According to the view we take of this case, the judgment must be reversed on the sole ground of a want of jurisdiction in the referee.

It appears that the referee was appointed at the October term, 1879, of the district court, and that on the 14th day of said term, to-wit: on the 10th of November, 1879, the time within which he was required to make and file his report, was " by the court extended to the first day of the next term," viz: the February term, 1880. But nothing whatever was done by the referee in the discharge of his duties under this authority until the time limited had fully expired, and this only in direct opposition to the earnest protest of the plaintiff in error, who filed an objection to his proceeding with the trial for want of jurisdiction to do so. The plaintiffs (defendants in error) however, insisting upon a trial, this objection was disregarded, and on the 19th of March, 1880, the report was completed and filed. Thereupon exceptions to the report were taken by which, among other questions raised, that of the referee's jurisdiction was renewed, and subsequently overruled by the court.

In this we think there was error. The referee was the court's officer; his right to proceed with the trial of the issues submitted to him depended entirely upon the order of the court, which he was not at liberty either to disregard or to transcend in any particular. When the time at which he was required to make his report had arrived his authority was at an end, and all that he afterwards did was void. Therefore the report should have been set aside.

The referee having acted without jurisdiction, his rulings upon the other questions raised before him will not be noticed. The judgment must be reversed, the report of the referee set aside, and the cause remanded for further proceedings.

REVERSED AND REMANDED.