DORA DIETRICHS, PLAINTIFF IN ERROR, v. THE LINCOLN & NORTHWESTERN R. R. CO., DEFENDANT IN ERROR.

| 13 | 43 |
|----|-----|
| 16 | 104 |
| 13 | 43 |
| 25 | 708 |
| 13 | 43 |
| 34 | 382 |
| 13 | 43 |
| 42 | 417 |
| 13 | 43 |
| 51 | 402 |
| 52 | 358 |
| 13 | 43 |
| 62 | 259 |

1. **Report of Referee:** FILING. The mere failure of a referee to file his report within the time fixed in the order of reference does not invalidate it.

2. **Pleading:** CORPORATE EXISTENCE: ANSWER. The existence of a corporation plaintiff is not put in issue by a general denial of an alleged cause of action.

3. **Depositions:** OBJECTIONS. Objections to the admission of depositions in evidence, except for incompetency or irrelevancy, must be "made and filed before the commencement of the trial," or they come too late.

4. **Practice:** QUESTIONS NOT IN RECORD. A question discussed in the brief of counsel, but not raised in the record, will not be considered.

THIS was an action of replevin brought by the Lincoln and Northwestern Railroad Company against Dora Deitrichs in the district court of Platte county, to recover possession of a one-story frame dwelling located on block 66, in the city of Columbus. The cause was sent to a referee, who reported as follows:

*First.* That the plaintiff was, at the time of the commencement of this action, the owner and entitled to the immediate possession of the property described in plaintiff's petition.

*Second.* That the said property was unlawfully detained by defendant.

*Third.* That the plaintiff being the owner of the house

in question, on or about the —— day of May, 1880, moved said house upon lot 5, in block 66, in the city of Columbus.

*Fourth.* Plaintiff, in moving said house upon said lot, was under the belief that it was being moved upon the land of the plaintiff.

*Fifth.* That plaintiff moved said house upon said lot for temporary ·purposes only, and with no intention of affixing the same to·the realty.

*Sixth.* That the ground upon which said house was placed was uneven, and that the same was placed upon wooden blocks, some of which rested upon the surface of the ground and some of which entered into the ground fifteen inches.

*Seventh.* That said lot was, at the time said building was so· moved upon the same, owned by one Barnes, a resident of New York.

*Eighth.* That said defendant purchased said lot from said Barnes by deed dated the tenth day of November, 1880, for $100.

*Ninth.* That Barnes did not know that said building was upon said lot until after the commencement of this action.

*Tenth.* That ·plaintiff, after placing said house upon said lot, offered and advertised said house for sale.

*Eleventh.* That in the purchase of said lot by defendant, William Dietrichs, the husband of defendant, conducted the negotiations, and made the purchase for and on behalf of the defendant.

*Twelfth.* That the said William Dietrichs knew at the time of said purchase that the house was moved on to the same by plaintiff and claimed by plaintiff.

*Thirteenth.* That the said house is of the value of $350.

*Fourteenth.* That defendant was the owner of lot 5 in block ·66 and in possession thereof, and occupant of said house at the time of the commencement of this action.

As conclusions of law the referee found:

*First.* That said house was, at the commencement of this action, personal property.

· *Second.* That plaintiff was, at the commencement of this action, the owner and entitled to the immediate possession of said house.

Upon a hearing before POST, J., the report of the referee was confirmed, judgment entered for plaintiff, and defendant brought the cause to this court for a review on a petition in error.

*McAllister Brothers,* for plaintiff in error.  ·

Report of referee not filed in time. *DeLong v. Stahl,* 13 Kan., 558. *Livingston v. Gidney,* 25 How. Pr., 1. *Gregory v. Cryder,* 10 Abbot N. S., 289. . Depositions of Edward and George Barnes were inadmissible, because there was no fact therein competent to prove the house personal property. *Gilleland v. Schuyler,* 9 Kan., 569. *Cropsey v. Averill,* 8 Neb., 152. The lease by the L. & N. W. R. R. to the B. & M. R. R. was improperly excluded. Code, sec. 408. *Tenant v. Rumfield,* 11 Ind., 130. Notice to quit should have been given. *Riewe v. McCormick,* 11 Neb., 261.

*Whitmoyer, Gerrard & Post,* for defendant in error, on filing of report out of time, cited *Keller v. Sutrick,* 22 Cal., 472. *Foster v. Ryan,* 26 How. Pr., 164. Corporate existence not put in issue by general denial. *National Life Ins. Co. v. Robinson,* 8 Neb., 452. Depositions were admissible.. Objections to letter came too late. Code, sec. 390. Case in 11 Neb., 261, is not applicable. She was not entitled to notice to quit. Taylor's Landlord and Tenant, 471, 472.

LAKE, CH. J.

Taking the errors complained of in the order of their assignment, the first one is the refusal of the court to set aside the report of the referee, for the reason that it was not filed within the time named in the order of reference. The ground taken by the plaintiff in error that the mere neglect of the referee to *file* his report on or before the day fixed for him to do so renders his action under the order of reference nugatory, is untenable. The case of *DeLong v. Stahl,* 13 Kan., 558, which her counsel cite in support of that position, does not so hold.

In that case it appeared that the referee did not complete his report, or, in other words, did not perform the judicial duty assigned him within the time limited, but afterwards, wherefore it was held that he was at the time *functus officio,* and his report unauthorized and void. *Robinson v. O'Connor,* 12 Neb., 405. The manual act of handing in or filing of reports by referees is not unfrequently delayed until after the time fixed for this to be done, but we have never known one to be held invalid on that ground. Indeed, in *Keller v. Sutrick,* 22 Cal., 472, it was held that such delay, even where the time for filing the report was fixed by statute, was of no consequence, and sustained a report assailed for that reason.

The second complaint of error is based upon the failure to prove the corporate existence of the defendant in error. This point is not well taken. The existence of the railroad company, and its right to sue, were not in controversy. The answer was a general denial, and while this was sufficient to put in issue the whole matter of complaint, it did not question the due incorporation of the company. *National Life Ins. Co. v. Robinson,* 8 Neb., 452.

There was no error in the admission in evidence of the depositions of Edward and George Barnes. It is contended that the testimony of these two witnesses was

immaterial, but very clearly it was not. The property in controversy was a dwelling house standing upon a lot purchased by plaintiff in error from Edward Barnes through a correspondence had with his brother George. The house, it seems, had been placed upon this lot a very short time before this purchase by the defendant in error, and its character, whether a chattel or a part of the realty, was the principal question to be settled by the trial. Upon this question these depositions were very material, for they show beyond all doubt that Edward Barnes never had nor claimed any right to the house, and in fact did not even know that it was on his lot at the time of the sale to the plaintiff in error. The fact that as between Barnes and the railroad company there was no question as to the right of the latter to the house—it being clearly personal property, together with the full knowledge of the plaintiff in error of the circumstances under which it was placed upon the lot, make it very clear that the finding of the referee was right, and should be sustained.

The referee did not err in overruling the objection to the admission of the letter, purporting to have been written by William Deitrich to George Barnes, respecting the purchase of the lot. The letter was competent evidence, and was duly attached to the deposition of George Barnes as a part of the correspondence by which the sale to Dora Deitrich was effected. Even if the objection, that the genuineness of this letter was not proved, were a good one, it came too late. All objections to depositions, except for incompetency or irrelevancy, to be effectual must be made and filed before the commencement of trial." Code of civil procedure, sec. 390.

Upon the trial the plaintiff in error offered to show that in the removal of the house under the order of replevin, damage was done to certain of her personal effects therein. This offer was wholly immaterial, and in rejecting it the referee ruled correctly. That was a matter that could not

be properly adjudicated in this action, which concerned only the claims of the respective parties to the house.

The lease from the defendant in error to the Burlington and Missouri River Railroad Company was properly rejected. It was wholly immaterial to the defense, and could not possibly have aided the plaintiff in error, for the reason that it expressly provides for the continued use of the corporate name of the lessor by the lessee "in and about any legal proceedings and suits, either at law or in equity."

The question of the want of notice to quit raised by counsel for the plaintiff in error in their brief is not in the record. No reference is made to it in the referee's report, nor in the motion for a new trial, therefore it is not before us. The case appears to have been fairly considered by the referee, and a just conclusion reached.

JUDGMENT AFFIRMED.