Anheuser-Busch Brewing Association v Peterson.

ANHEUSER-BUSCH BREWING ASSOCIATION ET AL. V. JOHN C. PETERSON.

FILED OCTOBER 2, 1894.   No. 5746.

1. **Pleading:** WANT OF JURISDICTION. Under the provisions of our Code it is proper to plead as a distinct defense any facts not disclosed by the petition from which it appears that the court has not acquired jurisdiction of the person of the defendant or the subject of the action. (*Hurlburt v. Palmer*, 39 Neb., 158.)

2. **Summons:** SERVICE OUT OF STATE. The provision of section 81 of the Code, for personal service of summons out of the state, is designed as a substitute for constructive service by publication, in actions such as those enumerated in section 77.

3. ———: PUBLICATION: SERVICE. Service by publication, or in any other manner authorized by statute, is sufficient in actions which are substantially proceedings *in rem;* but when the purpose of the action is to determine the personal rights of the parties, and enforce a personal obligation against the defendant, service within the state is essential to confer jurisdiction upon the court.

4. **Landlord and Tenant:** NEGLIGENCE: LIABILITY OF TENANT. As a rule, the tenant and not the landlord is liable to strangers for injuries resulting from a negligent or improper use of the demised premises during the continuance of the lease.

5. **Surface Water:** NEGLIGENCE: DAMAGES. Every proprietor

may lawfully improve his property by doing what is reasonably necessary for that purpose, and unless guilty of some act of negligence in the manner of its execution will not be answerable to an adjoining proprietor, although he may thereby cause the surface water to flow onto the premises of the latter to his damage.

6. ———: ———.    But if in the execution of such enterprise he is guilty of negligence, which is the natural and proximate cause of injury to his neighbor, he is accountable therefor.

7. **Nuisance.**    Where filthy and noxious matter is permitted to percolate through the adjacent soil and befoul a neighbor's well or cellar, such fact amounts to a nuisance, and is actionable at common law.

ERROR from the district court of Cass county.    Tried below before CHAPMAN, J.

*John C. Watson* and *A. N. Sullivan*, for plaintiffs in error:

If property is so constructed as to be a nuisance, the tenant is not liable. (*Gillilan v. Chicago & A. R. Co.*, 19 Mo. App., 411; *Swords v. Edgar*, 59 N. Y., 28.)

The public should pay damages resulting from public acts. (*City of Aurora v. Reed*, 57 Ill., 29; Wood, Law of Nuisance, secs. 144, 749; *City of Jacksonville v. Lambert*, 62 Ill., 521.)

The motion to quash the service made upon Busch outside the state was erroneously overruled. (Code, secs. 77, 81; *Blair v. West Point Mfg. Co.*, 7 Neb., 150; 1 Story, Constitutional Law, sec. 539; *Murphy v. Lyons*, 19 Neb., 689; *Atkins v. Atkins*, 9 Neb., 191; *Fulton v. Levy*, 21 Neb., 478; *Holmes v. Holmes*, 15 Neb., 615; *McGavock v. Pollock*, 13 Neb., 535.)

Surface water is a common enemy which a lot-owner may fight by raising his lot to grade or in any other proper manner. (*Freberg v. City of Davenport*, 18 N. W. Rep. [Ia.], 705; 2 Dillon, Municipal Corporations, secs. 1041–1044.)

The owner has a right to obstruct and hinder the flow of mere surface water upon his land from the land of another. (*O'Connor v. Fond du Lac, A. & P. R. Co.*, 52 Wis., 526;

*Kansas City & E. R. Co. v. Riley*, 33 Kan., 374; *Abbot v. Kansas City, St. J. & C. B. R. Co.*, 83 Mo., 271.)

The lot-owner is not bound to provide drains or water ways to prevent the accumulation of surface-water upon adjacent lands, the natural flow of which is interrupted by changes in the surface of his own lands, caused by improvements thereon. (*Pye v. City of Mankato*, 36 Minn., 373; *Alden v. City of Minneapolis*, 24 Minn., 262; *Rowe v. St. Paul, M. & M. R. Co.*, 41 Minn., 384; *Jordan v. St. Paul, M. & M. R. Co.*, 43 N. W. Rep. [Minn.], 849.)

*S. P. Vanatta, contra:*

The owner of land has no right to collect surface water thereon and discharge it so as to injure the land of his neighbor. (*Livingston v. McDonald*, 21 Ia., 160; 1 Thompson, Negligence, pp. 19, 77.)

An action will lie for the recovery of damages caused by the accumulation of surface water into a pool where it percolates through the earth into a cellar on an adjoining lot. (*Crommelin v. Cox*, 30 Ala., 318; 6 Wait, Actions & Defenses, p. 277.)

When a man is in possession of fixed property, he must so manage it as not to injure others. (Taylor, Landlord & Tenant [6th ed.], sec. 178; 1 Thompson, Negligence, p. 80, sec. 2.)

POST, J.

This was an action by the defendant in error in the district court for Cass county. From the allegations of the petition it seems that on the 14th day of March, 1887, Adolphus Busch, who was then and still is president of the Anheuser-Busch Brewing Association, a corporation (hereafter called the "Brewing Association"), purchased lot 9, in block 33, in the city of Plattsmouth. On the date above named said Busch leased said premises to the Brewing Association, and that said corporation immediately took

possession thereof and continued to occupy the same until after the accruing of the plaintiff's cause of action; that during the year 1889 the plaintiff below and one Rasmus Peterson were the owners of lot 10 immediately adjoining the premises above described, upon which was situated a large ice house, and which, including a cellar or basement thereunder five feet deep, was, at the time of the wrongs complained of, filled with ice. During the year 1889 the defendants undertook to fill up lot 9 so as to correspond to the surrounding lots, and that in the execution of said enterprise "hauled and dumped into and onto said lot 9 large quantities of earth and partially filled up said lot, and that they so carelessly and negligently filled up said lot as to draw and throw the surface water collecting thereon up to and against the west side of the plaintiff's ice house." It is further alleged that on said lot 9, and within two feet of the plaintiff's ice house, is situated a privy and privy vault, and that in filling up said lot the defendant left large "sag holes," into which the surface water on said lot and surrounding premises accumulated and from which, by the natural percolation thereof, it entered the plaintiff's ice house by way of said privy vault, thereby destroying and rendering worthless a large quantity of ice. It is also alleged that the plaintiff has by assignment acquired whatever right of action existed in favor of the said Rasmus Peterson. Personal service of summons was made upon the defendant Busch in the city of St. Louis, in the state of Missouri, who entered a special appearance and moved to quash the service of summons against him on the ground that it was unauthorized by statute and void. Said motion having been overruled, he answered, first, challenging the jurisdiction of the district court, by proper averments alleging that the service of the summons in the state of Missouri was without authority of law and conferred upon the court no jurisdiction of his person; second, a plea to the merits, which need not be noticed in this connection. The Brew-

ing Association filed an answer, which, after admitting its possession of lot 9 by virtue of a lease from its co-defendant, Busch, is in effect a general denial. Upon the issues thus formed a trial was had, resulting in a verdict against both defendants; whereupon separate motions were made for a new trial, which were overruled, and judgment entered in accordance with the verdict, and which is the judgment complained of in the proceeding.

We will first consider the question of the jurisdiction of the district court over the defendant below, Busch. It is said by counsel for the defendant in error that that question is not presented by this record, for the reason that Busch submitted to the jurisdiction of the court by his answer to the merits of the case. There is to be found some support for that contention in the earlier cases in this court, but in *Hurlburt v. Palmer*, 39 Neb., 158, the cases were subjected to a careful examination, and the conclusion announced that under the provisions of the Civil Code it is proper to plead as a distinct defense any facts not appearing from the petition whereby it is made known that the court has no jurisdiction of the person of the defendant or the subject-matter of the action. That case we must regard as decisive of the question under consideration. It was the right and duty of the defendant Busch to direct the attention of the court to the fact that it had failed to acquire jurisdiction of his person by means of its process. That such facts constitute a defense within the meaning of section 99 of the Code is clear from the reasoning in *Hurlburt v. Palmer, supra*. The plaintiff below did not by his reply controvert the allegations of the answer showing that service of summons was made upon the defendant in Missouri. That such service is unauthorized by law and insufficient to confer upon the court jurisdiction of the defendant's person, seems clear from a careful reading of the Code. The only provision for service of summons outside of the state is found in section 81 and reads as follows:

"In all cases where service may be made by publication, and in all other cases where the defendants are non-residents, and the cause of action arose in the state, suit may be brought in the county where the cause of action arose, and personal service of summons may be made out of the state by the sheriff or some person appointed by him for that purpose." Reference to the decisions interpreting the above, or like provisions, is unnecessary in this opinion. It is sufficient for our present purpose that it has uniformly been held to be a mere substitute for constructive service in actions such as those enumerated in section 77 of our Code. Service by publication, or in any other manner authorized by statute, is sufficient to advise non-residents of proceedings against their property which is brought under the control of the court by seizure or some act equivalent thereto. As said by Mr. Justice Field in *Pennoyer v. Neff*, 95 U. S., 714: "The law assumes that property is always in possession of its owner, in person or by agent, and it proceeds upon the theory that its seizure will inform him not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale.   *   *   *   In other words, such service may answer in all actions which are substantially proceedings *in rem*." Where, however, the purpose of an action is to determine the personal right of the parties and to enforce against the defendant a personal liability merely, according to a fundamental principle of our jurisprudence, personal service within the state where the action is pending is essential to confer jurisdiction upon the court. (See *Pennoyer v. Neff, supra;* Hawes, Jurisdiction, sec. 53; Story, Conflict of Laws [8th ed.], paragraph 539.) It follows that in entertaining the action as against the defendant Busch the court erred, for which the judgment as against him should be reversed.

2. The contention of the Brewing Association is that the relation of landlord and tenant only existed between it and

its co-defendant, and that it is, therefore, not liable to strangers for the negligent or wrongful acts of the latter in the filling of the lot in question. In this connection it should be remarked that there is nothing in the record to indicate that the proprietorship of the Brewing Association was confined to any particular portion of the premises, the inference being rather that its actual possession was co-extensive with the boundaries of the lot. Again, it is disclosed by the evidence in the record that the filling complained of was done by one Poisell under a contract with Mr. Ritchey, the agent in charge of the business of the Brewing Association in Plattsmouth, and was paid for by draft drawn upon the latter. The general rule is stated to be that the tenant and not the landlord is responsible for injuries resulting from a failure to keep the demised premises in repair. (2 Taylor, Landlord & Tenant, sec. 539; *City of Chicago v. O' Brennan*, 65 Ill., 160; *Gridley v. City of Bloomington*, 68 Ill., 47; *City of Peoria v. Simpson*, 110 Ill., 294; *City of Lowell v. Spaulding*, 4 Cush. [Mass.], 277; *Brunswick-Balke-Collender Co. v. Rees*, 69 Wis., 442; *Edwards v. New York & H. R. Co.*, 98 N. Y., 245; 1 Addison, Torts, pp. 197, 198.) There are, it is true, recognized exceptions to this rule, which, however, do not call for notice, since, as we have seen, the question of the liability of Busch, the landlord, is not presented by this record. The reason upon which the above rule rests is that the right of the landlord to possession is suspended during the term of the lease, and he has, therefore, no authority to re-enter for the purpose of making repairs or abating a nuisance created by the tenant. It follows that the defendant corporation is liable in this case, provided the wrongs alleged constitute a cause of action in the plaintiff's favor, a question we will now examine.

3. Some time previous to the filling of the lots by the defendant, the city of Plattsmouth caused to be filled up the bed of a small stream or water-course in such manner

as to divert the water which flowed therein at certain seasons of the year, onto said lots 9 and 10. Plaintiff below and the defendant corporation then attempted to fill their lots up to a level with the lot adjoining the latter on the east, but in the execution of said work the defendant's lot was left several feet lower in the center and on the east side thereof than was the plaintiff's lot, which adjoined it on that side, leaving a hole or basin in which the water, which would otherwise have run off in another direction, accumulated and entered the plaintiff's ice house through the privy vault above mentioned. The question whether the acts charged amount to actionable negligence or were a proper exercise of the rights of the defendant as proprietor of the dominant estate was resolved in favor of the plaintiff, and with that finding we can perceive no sufficient ground for interference. This question was carefully considered in the case of *Morrissey v. Chicago, B. & Q. R. Co.*, 38 Neb., 406, and the conclusion therein announced that the rule of the common law prevails in this country. Subject to that rule every proprietor may lawfully improve his property by doing what is reasonably necessary for that purpose, and unless he is guilty of some act of negligence in the manner of its execution, he will not be answerable to his neighbor, although he may thereby cause the surface water to flow upon or from the premises of the latter to his damage. The injury in such case is but a mere incident to the proper use of the owner's property; but if in the execution of the enterprise in hand he is guilty of negligence, which is the natural and proximate cause of injury to the adjoining proprietor, the law holds him accountable therefor. Such is the essence of the authorities cited in *Morrissey v. Chicago, B. & Q. R. Co., supra*, and undoubtedly the law of this case.

4. But defendant's liability in this action may be sustained upon other and independent grounds. It is said in an early case that "where one has filth deposited on his

premises, he whose dirt it is must keep it that it may not trespass." (See *Tenant v. Goldwin*, 1 Salk. [Eng.], 360.) If filthy matter from a privy, or the like, is permitted to percolate through the soil of the adjacent premises, and befouls a neighbor's well or cellar, such facts amount to a nuisance, and is actionable at common law. (See Cooley, Torts, 567, and cases cited; *Beatrice Gas Co. v. Thomas*, 41 Neb., 662.) It follows that the judgment should be reversed as to Adolphus Busch and affirmed as to Anheuser-Busch Brewing Association.

JUDGMENT ACCORDINGLY.