S. K. DAVIS ET AL. V. NEBRASKA NATIONAL BANK OF OMAHA.

FILED APRIL 21, 1897.   No. 7199.

Corporations: PROOF OF CORPORATE EXISTENCE. The plaintiff sued as a corporation. The defendants, in their answer, specifically denied the corporate existence of plaintiff. *Held*, That the answer in this respect stated a defense and cast upon the plaintiff the burden of proving its corporate existence.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Reversed.*

*G. M. Johnston* and *J. E. Cobbey*, for plaintiffs in error.

*E. R. Fogg*, contra.

IRVINE, C.

The Nebraska National Bank of Omaha sued the plaintiffs in error on a promissory note alleged by the petition to have been made by the defendants below to the order of the Nebraska National Bank of Beatrice and by the latter bank indorsed and transferred to the plaintiff. The plaintiff recovered judgment for the amount of the note. The petition alleged that the plaintiff was a corporation organized under the laws of the United States. The answer specifically denied plaintiff's corporate existence. No evidence was introduced on the subject. The instructions of the court entirely ignored the issue, and the court refused a peremptory instruction to find for the defendants, as well as a special instruction submitting to the jury for determination the corporate existence of the plaintiff.

It will be observed that there existed no privity of contract between the defendants and the plaintiff bank whereby the defendants were estopped to deny the corporate capacity of the plaintiff, nor are any other grounds of estoppel pleaded. The defense interposed was, therefore, a valid defense in this action. It has been several

30

times held that a general denial does not present the issue, but that it must be raised by a specific denial in the nature of a plea in abatement (*National Life Ins. Co. v. Robinson*, 8 Neb., 452; *Dietrichs v. Lincoln & N. W. R. Co.*, 13 Neb., 43; *Herron v. Cole*, 25 Neb., 692; *Swift v. Crawford*, 34 Neb., 450); but a special denial of the character indicated is sufficient to present the defense (*Sunapee v. Eastman*, 32 N. H., 470; *Greenwood v. Lake Shore R. Co.*, 10 Gray [Mass.], 373), and such a plea casts the burden of proof of corporate existence upon the plaintiff. (See cases cited in 5 Ency. Pl. & Pr., 82.) At the common law there existed some controversy as to whether *nul tiel* corporation should be pleaded in abatement or whether it might be pleaded in bar. The Nebraska cases cited intimate that this court has considered it to be in the nature of a plea in abatement; but this is immaterial, because, under our Code, defenses of both characters may be presented in one answer. (*Hurlburt v. Palmer*, 39 Neb., 158; *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb., 897; *Herbert v. Wortendyke*, 49 Neb., 182.) It is probable, as suggested in the bank's brief, that this and other defenses were purely technical and devoid of merit. The plea was, however, one of which the defendants might legally avail themselves. The bank was notified by the special plea that it would be called upon to establish its corporate existence. It entirely failed to do so, and the judgment must for that reason be reversed.

REVERSED AND REMANDED.