R. C. HOYT v. HERMAN KOUNTZE ET AL.

FILED MARCH 17, 1898. No. 7886.

Note: ACTION BY FIRM: PROOF OF PARTNERSHIP. K. and others sued on a promissory note, alleging that they were partners as K. Bros., and that the note had been by the payee indorsed and delivered to them. The answer denied, among other things, the indorsement to plaintiffs and the partnership alleged. The proof showed a general indorsement, and that the note had by such indorsement been transferred to the firm of K. Bros., from whom plaintiffs' attorney had received it. *Held,* That, under this state of the issues and proof, the issue as to plaintiffs' constituting the firm owning the note became material, and that in the absence of proof of the partnership they could not recover.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Reversed.*

*G. M. Johnston,* for plaintiff in error.

*W. C. LeHane, contra.*

IRVINE, C.

The defendants in error, four in number, sued on a promissory note alleged to have been made by the plaintiff in error to the Nebraska National Bank of Beatrice, and by it to have been indorsed and transferred to the plaintiffs as collateral security to another note of like amount, made by other persons to the Beatrice bank and by it sold to plaintiffs. The petition averred that the plaintiffs were partners doing business in New York under the name of Kountze Bros. The answer specially denied the partnership alleged, admitted the making of the note sued on, but denied generally all other allegations of the petition, thus putting in issue the transfer of the note to plaintiffs and their ownership thereof. On the trial the note was produced bearing a general indorsement, "H. C. Ewing, C." Proof was made that this was the genuine signature of Ewing and that he was cashier of the Beatrice bank, the payee of the note. There was no evidence whatever that the plaintiffs were partners constituting the firm of Kountze Bros., although that fact was in issue by special denial. Ordinarily, the production of a negotiable note indorsed generally would raise the presumption of ownership in the party producing it, and the partnership relation of such parties would perhaps be immaterial. But the plaintiffs did not rest on that presumption. They introduced evidence for the purpose of establishing the sale and transfer of the note by the Beatrice bank. One of their attorneys testified that the other note above referred to was made by officers of the Beatrice bank to the bank's order and by the bank transferred to Kountze Bros. for the purpose of obtaining a loan on behalf of the bank, and that the note sued on was transferred to Kountze Bros. as collateral security. He further testified that he received the note from Kountze Bros. This tended to show ownership in Kountze Bros. and not in plaintiffs, unless they in fact constituted that firm. True, the sole witness once or

twice says plaintiffs are the owners, but his whole testimony shows that Kountze Bros. are, and that where he says "plaintiffs" he means Kountze Bros., assuming their identity with plaintiffs to be established. In the light of the proof the fact that plaintiffs constituted the firm of Kountze Bros. became material, and the burden was on plaintiffs to prove it. (*Dessaint v. Elling*, 31 Minn. 287.) There having been no contractual relations between plaintiffs and defendant the latter was not estopped to deny their partnership relationship. In this respect the case is analogous to the denial of a plaintiff's corporate capacity. (*Davis v. Nebraska Nat. Bank*, 51 Neb. 401.) For the insufficiency of the evidence in this respect the judgment must be reversed.

REVERSED AND REMANDED.